STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO-AP-19-41

JENNIFER TAGHAVIDINANI,
    Plaintiff/Appellee

**DECISION ON APPEAL**
M.R.S.C.P. 11(f)

V.

BRAD HALL d/b/a
COUNTRY HOMES,
    Defendant/Appellant

This matter is before the court on an appeal by the Defendant/Appellant Brad Hall (Hall) from a small claims judgment entered by the District Court (Montgomery, J.) in favor of the Plaintiff/Appellee Jennifer Taghavidinani (Taghavidinani) on July 9, 2019. The appeal has been brought in accordance with M.R.S.C.P. 11(a) and M.R.Civ.P. 76D.

In a Statement of Claim dated March 19, 2019, Taghavidinani filed a small claims action against Hall in the Waterville District Court (Docket No. SC-19-72), seeking a refund of $4,000 "plus $2000 punitive damages for missed work and inability to use home." The claim was based on Hall's failure to perform repair work at Ms. Taghavidinani's condominium, notwithstanding the fact that he received and accepted $4,000 as partial payment for that work. The District Court held an evidentiary hearing on April 26, 2019, at which it received the testimony of Ms. Taghavidinani and Mr. Hall. The District Court also admitted into evidence Plaintiff's Exhibits 1-11 and Defendant's Exhibits 1-11. Following the hearing, the District Court took the mater under advisement.

On July 9, 2019, the District Court granted judgment to Ms. Taghavidinani "in the amount of $6,000 and costs of $82.50." The District Court did not make any finding of fact as to the components of the $6,000 judgment. In particular, the District Court did not address whether it was awarding punitive damages or not. Moreover, the subject of punitive damages never came up during the hearing of April 26, 2019.

On August 7, 2019, Mr. Hall filed a Notice of Appeal to the Superior Court from the District Court's judgment. Mr. Hall's sole issue on appeal is what he believes was an erroneous award of $2,000 in punitive damages as part of the judgment. Mr. Hall has argued that an award of punitive damages was not justified or permitted in this case on the basis of the Law Court's decision in *Tuttle v. Raymond*, 498 A.2d 1353 (Me. 1985). Ms. Taghavidinani seeks dismissal of the appeal.

This court's review is limited to questions of law and must be based on the record only.

Punitive damages may be awarded when the plaintiff can show by clear and convincing evidence that the defendant acted with malice, either actual or implied, when committing tortious conduct. *Tuttle v. Raymond*, 494 A.2d 1353, 1361, 1363 (Me. 1985). Actual malice "exists where the defendant's tortious conduct is motivated by ill will toward the plaintiff." *Id.* Implied malice is present when "deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied." *Id.* at 1361

The Law Court in *Tuttle* made it clear that a defendant's "mere reckless disregard of the circumstances" does not establish implied malice. *Id.* Similarly, gross negligence "covers too broad and too vague an area of

2

behavior" and to use that as a standard would result in "an unfair and inefficient use of the doctrine of punitive damages." *Id*. In *Tuttle*, the defendant was speeding, had just run a red light, and struck the plaintiff's car with such force that it was sheared in half. *Id*. at 1354. There, the driver was not drunk, but clearly reckless. *Id*. at 1364. While reckless, the defendant's actions were not enough (not so outrageous) to amount to implied malice. *Id*.

This case does not involve any allegation of actual or implied malice. Moreover, it does not appear that it involves any allegation of tortious conduct by Mr. Hall. Rather, the allegations against Hall, as brought by Taghavidinani, sound in breach of implied contract or, perhaps, conversion. In any event, the record in this case does not provide any basis for an award of punitive damages as permitted by *Tuttle v. Raymond*. It is unclear to this court whether the District Court intended to make an award of punitive damages or whether it's judgment of $6,000 was intended to encompass some other basis for an award of damages in excess of the $4,000 to be refunded to Ms. Taghavidinani.

The entry is:

The judgment of the District Court is affirmed in part and reversed in part. The judgment in favor of Plaintiff /Appellee Jennifer Taghavidinani is affirmed in the amount of $4,000 plus costs of $82.50. The judgment is reversed as to the additional amount of $2,000, and the case is remanded to the District Court for a determination of whether the sum of $2,000 was intended as punitive damages or whether there was some other basis for the award beyond $4,000.

3

The clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

Dated: January 30, 2020

William R. Stokes
Justice, Superior Court

4